IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARK LONGINOTTI                                                                          PLAINTIFF

V.                               Case No. 4:26-cv-00069-BBM

FRANK BISIGNANO, Commissioner,                                          DEFENDANT
Social Security Administration

## **ORDER**

On July 6, 2026, this Court entered Judgment for Plaintiff Mark Longinotti after granting the Commissioner's unopposed motion to reverse his decision and remand this case to the Social Security Administration for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (Docs. 15–16). Two days later, as a "prevailing party," (Doc. 17-1 at 1), Longinotti filed a "Stipulation for the Award and Payment of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)." (Doc. 17). In that Stipulation, Longinotti requests the Court to approve an award to him of $8,100 in attorney's fees under the Equal Access to Justice Act ("EAJA"). *Id*.

Substantively, the Court has no concern about Longinotti's entitlement to EAJA fees or the amount in question, and it accepts the Stipulation's representation that the Commissioner is agreeable to the fee request. (Doc. 17 at 1–2; Doc. 17-1 at 1–2). But, for future reference, the Court notes that it takes a court order to award attorney's fees, and "[a] request for a court order must be made *by motion*." FED. R. CIV. P. 7(b)(1) (emphasis added). In the Eastern District of Arkansas, then, fee awards are normally pursued by motion. *See* RULE 54.1(a), LOCAL RULES FOR THE EASTERN AND WESTERN DISTRICTS OF

ARKANSAS (stating that, in "any case" where "attorney's fees are recoverable under the law applicable to that case, a motion for attorney's fees shall be filed with the Clerk, with proof of service, within . . . 14 . . . days after the entry of judgment or an order of dismissal under circumstances permitting the allowance of attorney's fees").*

For present purposes, in its "'substantial case management discretion,'" *United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 956 (8th Cir. 2017) (citation omitted), the Court will construe the Stipulation as an unopposed motion for attorney fees and proceed on that basis. *Cf.* RULE 54.1(b), LOCAL RULES FOR THE EASTERN AND WESTERN DISTRICTS OF ARKANSAS ("On its own motion, the Court may grant an allowance of reasonable attorney's fees to a prevailing party in appropriate cases.").

As mentioned above, Longinotti seeks an attorney-fee award in the amount of $8,100, and the government does not object. (Doc. 17 at 1–2; Doc. 17-1 at 1–2). Therefore, Longinotti's request is GRANTED. After reviewing the record, the Court finds that

---

* Even if a stipulation is a permissible way to seek attorney's fees, a stipulation still needs the signatures of all parties or their counsel to be effective. *See Bank of N.Y. v. Yugoimport*, No. 03 Civ. 9055, 2004 WL 1145836, *2 (S.D.N.Y. May 21, 2004) ("A stipulation intended to be binding upon all parties to a multi-party litigation must be signed by all parties. That proposition would appear to be self-evident."); RULE 5.5(C)(1), LOCAL RULES FOR THE EASTERN AND WESTERN DISTRICTS OF ARKANSAS ("Every pleading, motion, or other paper . . . filed in behalf of a party represented by counsel shall be signed by at least one attorney of record in his or her individual name . . . ."). Here, the Stipulation bears the electronic signature of Longinotti's counsel, Rory J. Linerud, (Doc. 17 at 2), in a way that satisfies this Court's CM/ECF Administrative Policies and Procedures Manual for Civil Filings ("Manual"), Part III-C-2(a), at pp. 8-9. Less clear is whether the Stipulation complies with the Manual in its presentation of the purported signature of Cathleen C. McNulty. The Stipulation includes McNulty's name and contact information, but above her name—where her handwritten or electronic signature should be—are the words, "Rory J. Linerud for," and beside her name is the parenthetical, "(per electronic Authorization-email)." (Doc. 17 at 2–3). In a supporting declaration, Linerud adds that he "has received email authorization" from McNulty "to sign for" her "with respect to the Stipulation." (Doc. 17-1 at 2). No such email, however, was filed with the Stipulation or as part of its four exhibits.

2

Longinotti's request for attorney's fees under the EAJA is reasonable. Although Longinotti is entitled to fees in the amount of $8,100, and the fee award is payable to Longinotti, the award is also subject to offset to satisfy any pre-existing debt that Longinotti may owe to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593–98 (2010).

SO ORDERED this 10th day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE